# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN TABER, as Administrator of the Estate of Dennis Ray Gee, Jr., Deceased,<br><br>Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., IDEAL MOTORS, STATE LINE AUTO AUCTION, ELM CHEVROLET COMPANY. INC.<br><br>Defendants. | CIVIL ACTION LAW<br><br>NO.: _____ |

## NOTICE OF REMOVAL BY DEFENDANT
## TOYOTA MOTOR SALES, U.S.A., INC.

Defendant, Toyota Motor Sales, U.S.A., Inc. ("TMS"), by and through its attorneys, Campbell Conroy & O'Neil, hereby removes the above-captioned action, which is presently in the Court of Common Pleas of Tioga County, No. 675-CV-2020, pursuant to 28 U.S.C. § 1441 and § 1446 and in support thereof states as follows:

### A. FACTS AND PARTIES

1. Plaintiff Jean Taber, as Administrator of the Estate of Dennis Ray Gee, Jr., commenced this action on or about October 28, 2020 by filing a Complaint in the Tioga County Court of Common Pleas. *See* Tioga County Complete Case History for Case No. 0675-CV-2020, attached hereto as Exhibit "A". TMS was served with the Complaint on December 28, 2020. However, Plaintiff filed an Amended Complaint on November 19, 2020. *Id.*. To date, TMS has

not been served with the Amended Complaint,[1] which is attached hereto and marked as Exhibit "B".

2. The Amended Complaint alleges causes of action sounding in negligence, breach of warranty and strict products liability arising out of an October 6, 2019 motor vehicle accident involving a 2005 Toyota Scion tC that Plaintiff alleges resulted in fatal personal injuries to Dennis Ray Gee, Jr. ("Decedent"). *Id.*, at ¶¶ 2, 49, 122-126.

3. Plaintiff has asserted negligence, strict liability, and breach of warranty claims against Defendant TMS and the other Defendants, and she seeks to recover in excess of $50,000 for Decedent's conscious pain and suffering and wrongful death *Id.,* at ¶¶ 127-129.

**B. DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND DEFENDANTS**

4. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and one which the Defendants may remove to this Court pursuant to 28 U.S.C. § 1441 (a) because it is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. For diversity purposes, an individual is a citizen of a state where she is domiciled. 28 U.S.C. § 1332.

6. As alleged in the Complaint, Plaintiff Jean Taber resides at 400 Cummings Road, Tioga, Pennsylvania 16946; therefore, she is a citizen of Pennsylvania. *See* Ex. B, at ¶ 1.

7. For diversity purposes, a corporate party is a citizen of the state it has been incorporated and the state where it has its principal place of business. 29 U.S.C. § 1332 (c)(1).

---

[1] Counsel for TMS obtained a copy of the Amended Complaint from counsel for Elm Chevrolet Company, Inc.

8. Defendant TMS is a California corporation with its principal place of business in Plano, Texas. Therefore, TMS is a citizen of Texas and California.

9. Upon information and belief, Defendant Ideal Motors is a New York corporation with its principal place of business at 3131 Lake Road, Horseheads, New York 14845. *See* Ex. B, at ¶ 15. Therefore, Ideal Motors is a citizen of New York.

10. Upon information and belief, Defendant State Line Auto Auction is a corporation that was incorporated under the laws of New York with its principal place of business at 830 Talmadge Hill Road South, Waverly, New York 14892. *See* Ex. B, at ¶ 26; *see also* New York State Department of State Division of Corporations Entity Information report for State Line Auto Auction, attached hereto as Exhibit "C". Therefore, State Line Auto Auction is a citizen of New York.

11. Upon information and belief, Defendant Elm Chevrolet Company, Inc. is a corporation that was incorporated under the laws of New York with its principal place of business at 301 E. Church Street, Elmira, New York 14901. *See* Ex. B, at ¶ 37; *see also* New York State Department of State Division of Corporations Entity Information report for Elm Chevrolet Company, Inc., attached hereto as Exhibit "D". Therefore, Elm Chevrolet Company, Inc. is a citizen of New York.

C. **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

12. Where, such as the case here, Plaintiff's Complaint does not specify the amount of damages sought, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 138 S. Ct. 547, 554 (2014).

13. Although Plaintiff does not quantify the exact damages, she seeks compensation "in excess of the arbitration limit of fifty thousand dollars ($50,000)[.]" *See, e.g.,* Ex. B, "WHEREFORE" clauses. Additionally, she alleges serious injuries in her Complaint, as well as non-economic and wrongful death damages on Decedent's behalf. Therefore, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. *See* Ex. "B", *Sherman v. Bally's Hotel & Casino*, 2010 U.S. Dist. LEXIS 36191 at *4 (D. N.J. April 13, 2010), *citing Bunch v. Wal-Mart*, 2009 U.S. Dist. LEXIS 34019, at *7 (N.D. Ind. April 20, 2009) (finding that plaintiff's "allegations of permanent injury, medical expenses, pain and suffering make it facially apparent that the amount in controversy exceeds $75,000" in personal injury cases).

**D. PROCEDURAL REQUIREMENTS FOR REMOVAL**

14. A Notice of Removal must be filed within 30 days of receipt of the Complaint. 28 U.S.C. § 1446(b).

15. Because Plaintiff served Defendant TMS with the Complaint on December 28, 2020, this removal is timely pursuant to 28 U.S.C. § 1446 (b).

16. This action is being removed "to the district court of the United States for the district court for the district and division embracing the place where such action is pending" pursuant to 28 U.S.C. § 1441 (a) because the United States District Court for the Middle District of Pennsylvania embraces Tioga County, Pennsylvania. 28 U.S.C. § 101.

17. Defendant TMS, as the removing Defendant, is filing this Notice of Removal with the Court of Common Pleas of Tioga County, Pennsylvania pursuant to 28 U.S.C. §1446 (d). *See* a true and correct copy of Defendant TMS' Notice of Filing Notice of Removal, which is attached hereto and marked as Exhibit "E".

18. Defendant Ideal Motors has not been properly served and joined in this matter. As such, its consent to removal is not necessary. *See* Ex. A (confirming there is no Entry of Appearance or Affidavit of Service for Ideal Motors entered in the docket for Tioga County Court Case No. 675-CV-2020).

19. Defendants Elm Chevrolet Company, Inc. and State Line Auto Auction have no objection and consent to the removal of this action from the Court of Common Pleas of Tioga County to the United States District Court for the Middle District of Pennsylvania. Therefore, the "rule of unanimity" is satisfied in accordance with 28 U.S.C. § 1446 (b)(2)(A). *See* Exhibit "F" (correspondence confirming Elm Chevrolet Company, Inc. and State Line Auto Auction's consent to the removal of this action).

20. Pursuant to 28 U.S.C. § 1446 (a), all of the pleadings that have been filed in this action thus far, are attached hereto as Exhibit "G".

**WHEREFORE**, Defendant TMS respectfully requests that this action now pending against it in the Court of Common Pleas of Tioga County, No. 675-CV-2020, be removed to the United States for the Middle District of Pennsylvania.

Dated: January 19, 2021.

                                        Respectfully submitted,

                                        */s/ Emily J. Rogers*_____
                                        William J. Conroy, Esquire
                                        Emily J. Rogers, Esquire
                                        Campbell Conroy & O'Neil, P.C.
                                        1205 Westlakes Drive, Suite 330
                                        Berwyn, PA 19312

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this date I caused a true and correct copy of the foregoing Notice of Removal to be served upon all counsel of record via e-mail and all unrepresented parties via U.S. Mail.

**Plaintiff's Counsel**
John E. LaVelle, Esquire
Cellino Law LLP
600 Old Country Road
Suite 412
Garden City, NY 11530
John.Lavelle@CellinoLaw.com

**Counsel for State Line Auto Auction**
John T. McGrath, Jr., Esquire
Marshall Dennehey
50 Glenmaura National Boulevard
Moosic, PA 18507
jtmcgrath@mdwcg.com

**Counsel for Elm Chevrolet Company, Inc.**
Joseph M. DeMarco, Esquire
Kristen E. Lizzano, Esquire
March Hurwitz & DeMarco, P.C.
Providence Center
100 North Providence Road
Media, PA 19063
jdermaco@mhdlegal.com
klizzano@mhdlegal.com

**Ideal Motors (unrepresented party)**
3131 Lake Road
Horseheads, NY 14845

Dated: January 19, 2021

                                            */s/ Emily J. Rogers*_____
                                            Emily J. Rogers, Esquire